**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**RODERICK DUCKSWORTH**                                                             **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO. 2:02cv7-KS-MTP**

**ENSCO OFFSHORE CO.**                                                    **DEFENDANT**

**ORDER OF DISMISSAL**

THIS MATTER is before the court *sua sponte* upon Plaintiff's failure to prosecute and failure to comply with certain orders of the court. Plaintiff Roderick Ducksworth, proceeding *in forma pauperis*, filed his civil rights Complaint [1] on January 11, 2002. Based on the record in this case and the applicable law, the undersigned finds that this action should be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the Plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

---

[1] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

After Plaintiff was sanctioned by the court in mid-2002 and early 2003 for failing to comply with the court's orders, failing to respond to court pleadings, failing to abide by the Federal Rules of Civil Procedure and the Local Rules, failing to appear for court appearances, and failing to prosecute this action, the court entered an Order [25] directing Plaintiff to show cause as to why this matter should not be dismissed. On April 8, 2003, Plaintiff filed a Motion for Extension of Time [26] and to continue this case until further notice due to him being placed on active military duty.

On February 3, 2004, the court entered an Order [33] removing this matter from the active docket based on Plaintiff's Motion [26]. In its Order, the court indicated that the matter would be placed back on the court's active docket upon notification by the Plaintiff of his release from active military duty.

On November 26, 2008, almost five years later, Plaintiff filed his Motion to Reopen his Case [34]. On January 6, 2009, the parties participated in a telephonic status conference set by the Magistrate Judge. In his order of January 6, 2009, the Magistrate Judge found that the Plaintiff was "released" from active military duty a few years ago and could not offer a valid reason for waiting until November 28, 2008, to advise the court and move to re-open his case. The Order [38] granted the reopening of the case, but reinstated Defendant's Motion for Summary Judgment and Motion to Dismiss and directed the Plaintiff to file his responses to the motions by January 20, 2009. Plaintiff has not done so. Additionally, the Plaintiff was required to file a written statement with the Clerk of Court on or before January 20, 2009, setting forth why this case should not be dismissed for his failure to appear at the Case Management Conference and Pretrial Conference, failure to respond to discovery, failure to respond to

2

Defendant's Motion to Compel, Motion for Summary Judgment, and Motion to Dismiss and for his failure to pay momentary sanctions imposed by the Court and for his failure to prosecute this matter. Plaintiff has failed to do so.

Despite the clear warning given by the Magistrate Judge and the previous warnings throughout this litigation, Plaintiff has failed to show cause or otherwise respond to Defendant's pending motions by January 20, 2009. This failure to respond clearly indicates that the Plaintiff has lost interest in his lawsuit.

This Court finds that this record is very clear and this case should be dismissed pursuant to rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

For the reasons above stated, this Court finds that the Complaint filed herein should be **dismissed without prejudice** and at cost of Plaintiff. Previously ordered momentary sanctions (Order of July 10, 2003) shall be paid by Plaintiff to Defendant and Defendant shall be granted judgment therefor.

SO ORDERED AND ADJUDGED on this, the 27th day of January, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE